**MICHAEL J. MESSINA (SB# 92415)**
**WOODS & MESSINA**
550 West "C" Street, Suite 1670
San Diego, CA 92101
Tel. (619) 232-1914
Fax (619) 237-8898

Attorney for Defendant
**ANNABELLE MORAIRA**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HON. DANA M. SABRAW)**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, vs. **ANNABELLE MORAIRA**, Defendant. | **Case No.: 08CR1193-DMS**<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO: SEVER DEFENDANT**<br><br>**Date: July 1, 2008**<br>**Time: 2:30 p.m.** |

## I.

## STATEMENT OF FACTS

Defendant ANNABELLE MORAIRA in no way adopts the statement and reserves her right to make any and all appropriate objections to the stated facts.

On April 4, 2008, at 12:40 a.m., co-defendant, RICARDO PALMER, made application for admission into the United States at the San Ysidro, California Port of Entry, driving a 1989 Mercedes 300SCL. Accompanying Mr. PALMER were co-defendant, JANEEN OCHOA and do-defendant, ANNABELLE MORAIRA, who were both seated in the rear of the vehicle.

Co-defendant PALMER gave a negative customs declaration stating they were not bringing anything into the United States. The vehicle was referred to secondary and upon inspection of the vehicle; a female was discovered concealed behind a special built compartment behind the rear seat back rest. The female was determined to be an undocumented alien and a citizen of Mexico without legal documentation to enter the United States. The material witness was identified as one ANA VEGA-JUAREZ. Co-defendant PALMER gave a statement to the Border Agents in which he detailed his involvement in the attempted violation of the United States laws. During this interview, co-defendant PALMER exonerated both co-defendant OCHOA and co-defendant MORAIRA by indicating they had no knowledge or participation in the attempted illegal alien smuggling matter. Furthermore, in statements given by both Ms. OCHOA and Ms. MORAIRA, they denied involvement in the alleged criminal activity and both maintained a consistent story in which they met co-defendant PALMER in Tijuana for lunch and were just traveling back with him to the United States in his vehicle.

Furthermore, on June 13, 2008, in open court, Assistant United States Attorney, CAROLINE P. HAN, represented to the Court that the government intended to file a superseding indictment charging defendant No. 3, and only defendant No. 3, ANNABELLE MORAIRA, with violation of 8 U.S.C. §1324(a)(2)(B)(ii) and 8 U.S.C. §1324(a)(2)(B)(iii), from an incident that occurred on May 18, 2007. Defendant was notified on June 26, 2008, that the superseding indictment had been filed.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

**II.**

**POINTS AND AUTHORITIES**

**A. MOTION TO SEVER DEFENDANTS.**

"[T]wo or more defendants may be charged in the same indictment or if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Rule 8(b). Joint trials are preferred because "they promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.' " Zafiro v. United States, 506 U.S. 534, 537 (1993), quoting, Richardson v. Marsh, 481 U.S. 200, 209-210 (1987); see also, Opper v. United States, 348 U.S. 84, 95 (1954).

However, Rule 14 recognizes that though joinder may be proper under Rule 8(b), circumstances may require severance because joinder will prejudice either a defendant or the prosecution. Rule 14 provides: "If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." Zafiro v. United States, supra, 506 U.S. at 538.

Severance should be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one o the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Ibid.*

The United States Supreme Court provided examples where the risk can occur. "Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant. For example, evidence of a co-defendant's wrongdoing in some circumstances erroneously could

lead a jury to conclude that a defendant was guilty." *Id* at 539. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. See, e.g., Tifford v. Wainwright, 588 F. 2d 954 (5th Cir. 1979) (per curiam).

Prejudice may also occur if a joint trial is likely to "compromise a specific trial right of one of the defendants." Zafiro v. United States, supra, 506 U.S. at 539. "Evidence that is probative of a defendant's guilty but technically admissible only against a co-defendant also might present a risk of prejudice." *Id.*, citing Bruton v. United States, 391 U.S. 123 (1968).

It may also occur when "many defendants are tried together in a complex case and they have markedly different degrees of culpability," those with lesser culpability can be prejudiced by joinder. Zafiro v. United States, supra, at 539, citing, Kotteakos v. United States, 328 U.S. 750, 774-775(1946).

Here, the potential for prejudice far outweighs any concerns for judicial economy, and a failure to grant severance would significantly abridge defendant's right to a fair trial.

**B. SIXTH AMENDMENT CONFRONTATION AND CROSS-EXAMINATION RIGHTS COMPEL SEVERANCE IN THIS CASE.**

The Sixth Amendment guarantees the accused the rights to confront and to cross-examine witnesses against her. Lily v. Virginia, 527 U.S. 116, 123-24 (1999); Bruton v. United States, 391 U.S. 123, 126 (1968). Here co-defendant PALMER has indicated his willingness to exonerate co-defendant MORAIRA and would do so in a separate trial. Should the defendants remain unsevered, it would not be possible for co-defendant PALMER to exonerate co-defendant MORAIRA. Therefore, in order to comply with the defendant's Sixth Amendment right, the Court should sever her from co-defendant PALMER.

**C. DEFENDANT'S MEDICAL CONDITION REQUIRES SEVERANCE TO BE GRANTED.**

Defendant ANNABELLE MORAIRA, is pregnant at this time. Her previous pregnancy was extremely difficult and resulted in her child having been born with Turner's Syndrome. Turner's Syndrome is a chromosomal condition that alters development in females. It requires special treatment, special care and constant supervision for the mother who may give birth to a child with this condition. At this time, Ms. MORAIRA is under a tremendous amount of stress associated with the pregnancy and, naturally, has a legitimate apprehension and concern with the birth of this forthcoming child. She is currently under psychiatric care related to the concern and apprehension of this forthcoming birth. To require her to proceed to a felony jury trial at this stage of her pregnancy would be cruel and unusual in its application.

**D. THE SUPERSEDING INDICTMENT IS NOT APPLICABLE TO CO-DEFENDANT'S PALMER OR OCHOA.**

The government has proceeded with its representation and has filed a superseding Indictment against co-defendant MORAIRA, this indictment will pertain only to the incident of May 18, 2008. This incident has no relation, connection or association with either co-defendant PALMER or co-defendant OCHOA. To try defendant MORAIRA under the superseding indictment with both PALMER and OCHOA as it relates to this prior incident would be highly prejudicial and far outweigh any probative value that could guarantee a fair trial. In addition, defendant will move for the dismissal of this indictment on the grounds of post-arrest pre-indictment delay. The defendant has not provided any authority for these arguments. Naturally, the defense would seek leave of Court to supplement their arguments with Points and Authorities directed towards the superseding indictment when the defendant has been arraigned on the new charges.

**III.**

**CONCLUSION**

Based on all statements, factors and legal points articulated in the document herein, Defendant ANNABELLE MORAIRA, respectfully submits that the motion to sever be granted in her favor.

Respectfully submitted,

Dated: June 27, 2008

S/ MICHAEL J. MESSINA
MICHAEL J. MESSINA
Attorney for Defendant
ANNABELLE MORAIRA