**MICHAEL J. MESSINA SB#92415**
**WOODS & MESSINA**
550 West "C" Street, Suite 1670
San Diego, California 92101
Tel: (619) 232-1914
Fax: (619) 237-8898
E-mail: wm4law@yahoo.com

Attorney for Defendant
ANNABELLE MORAIRA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> **Plaintiff,** <br> **v.** <br> **ANNABELLE MORAIRA,** <br> **Defendant.** | **CASE NO.: 08CR1193-DMS** <br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTS 1 AND 2 OF SUPERSEDING INDICTMENT** <br> **Date: July 25, 2008** <br> **Time: 11:00 a.m.** <br> **Dept: Judge Dana M. Sabraw** |

**I.**

**<u>INTRODUCTION AND STATEMENT OF FACTS</u>**

Counts 1 and 2 of the superseding indictment allege that on May 18, 2007, defendant brought into the United States, and concealed, an alien named Millen Montes De Oca-Islas, in violation of 18 U.S.C. §1324(a)(2)(B)(ii) and §1324(a)(2)(B)(iii). Discovery materials allege that on the date in question, a vehicle driven by defendant arrived at the San Ysidro Port of Entry. The named alien was discovered concealed in the vehicle. Upon arrest of the parties, the alien was extensively interviewed by a federal agent, disclosing her undocumented alien status,

and making statements tending to inculpate defendant in the charged defenses. However, an agent identified as "S/CBP(E) Webb" declined prosecution and the alien was presumably returned to Mexico.

## II.

## BASIS OF MOTION TO DISMISS

The landmark cases of United States v Marion, 404 U.S. 307 (1971) and United States v. Lovasco, 431 U.S. 783 (1976), established the proposition that unwarranted prosecutorial delay between offense or arrest and accusation can support a motion to dismiss, when the defendant has been prejudiced in his or her defense. The constitutional underpinning for this rule lies in the due process clause of the Fifth Amendment to the United States Constitution. As noted in Barker v. Wingo, 407 U.S. 514, 527 (1971), "a defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process."

Ninth Circuit authority construing Marion and Lovasco holds that a due process claim is tested by two "prongs" of inquiry. First, the defendant is obliged to prove "actual non-speculative prejudice from the delay". United States v. Huntley, 976 F. 2d 1287, 1290 (9th Cir. 1992). That is, defendant must demonstrate that lost witnesses or evidence "meaningfully has impaired his ability to defend himself". Huntley, supra at 1290. Assuming a showing of prejudice, the length of delay must be shown to have offended "conceptions of justice which lie at the base of our civil and political institutions." United States v. Sherlock, 962 F. 2d 1349, 1353-54, (9th Cir. 1989), quoting Lovasco, supra at 790.

/ / / / /

/ / / / /

/ / / / /

Counsel respectfully submits that the whole issue of prejudice must be tested in light of the holding in Crawford v. Washington, 541 U.S. 36 (2004). In Crawford, a defendant was found guilty of assault in part because of introduction of his wife's statement to an interviewing officer which inculpated the defendant. The wife was unavailable to testify by claiming the State's marital privilege against testifying against a spouse. Based an exhaustive analysis of the history of the "right of confrontation", the Court reversed the conviction, holding that "testimonial evidence" (the police interview) may not be admitted at a trial without violating the confrontation clause of the United States Constitution. The only exception recognized by the Court were statements by a now unavailable witness with whom the defendant has had the previous right of cross-examination. Crawford, supra at 49, 54, 59.

Based upon Crawford, counsel submits that defendant is clearly and unequivocally prejudiced by reference to the now unavailable alien involved in the May 18, 2007 incident. It might be noted that the witness in Crawford was "unavailable" through no fault of the State, while the witness here was made unavailable by the active agency of the Government.

In addition to the Crawford issue, the officer who interviewed the witness on the day of arrest opined that she "could not directly implicate the driver MORAIRA as to knowledge or gain". The witness' absence of knowledge constitutes a critical element of defense to the action which could have been more fully developed on cross-examination.

Regarding the delay in accusation of some 13 months, counsel would suggest that this delay has no explanation, and offends notions of fundamental fairness, when the agents of the Government deliberately reject a case, render the crucial witness unavailable, and then presume to prosecute at a later date.

/ / / / /

By virtue of the foregoing, counsel submits that defendant's due process rights have been violated herein, and as such deprivation merits dismissal of Counts 1 and 2 of the superseding indictment.

Respectfully submitted,

Dated: July 15, 2008

/S/ MICHAEL J. MESSINA
MICHAEL J. MESSINA
Attorney for Defendant
ANNABELLE MORAIRA